IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELLE LOUISE FRAZIER,

    Petitioner,

v.                                                                             Civil Action No. 3:09cv348

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Michelle Frazier, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Frazier challenges her conviction for credit card fraud. Respondent filed a Motion to Dismiss (Docket No. 7) and Rule 5 Answer (Docket No. 8), providing Frazier with appropriate *Roseboro*[2] notice (Docket No. 10). Respondent contends that the statute of limitations bars this action. Frazier responded to the motion, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 7) and DENY the Petition (Docket No. 1).

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

On April 20, 2006, the Circuit Court of the City of Hampton, Virginia ("Circuit Court") convicted Frazier of credit card fraud. (Pet. 2; Resp't's Br. Supp. Rule 5 Answer & Mot. Dismiss ("Resp't's Br."), ¶ 1) (Docket No. 9). On July 28, 2006, the Circuit Court sentenced her to serve five years in prison and suspended three years and six months. (Resp't's Br. ¶ 1.) Frazier did not pursue a direct appeal of her conviction. (Pet. 3.)

On April 28, 2008, Frazier filed a petition for a writ of habeas corpus in the Circuit Court. On September 4, 2008, the Circuit Court denied the petition. *Frazier v. Commonwealth*, No. CL08-998 (Va. Cir. Ct. Sept. 4, 2008) ("State Habeas Op."). Frazier pursued an appeal to the Supreme Court of Virginia, which denied that petition on April 28, 2009. *Frazier v. Commonwealth*, No. 082419 (Va. Sup. Ct. Apr. 28, 2009).

On May 25, 2009, Frazier filed her present Petition in the United States District Court for the Eastern District of Virginia.[3] Frazier raises four claims, which the Court restates as follows:

> Claim One: Frazier provided a false statement to the detective investigating the underlying offense.
>
> Claim Two: Trial counsel performed ineffectively by failing to provide the court information that would have supported Frazier's innocence.
>
> Claim Three: The sentence imposed by the trial court is too harsh in light of the fact that Frazier is currently serving time on a different conviction.
>
> Claim Four: Frazier's witness lied under oath.

(Pet. 6-11.)

---

[3] The Court considers a prisoner's habeas corpus petition filed on the date she delivers her petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. Analysis

### A. Time Bar

28 U.S.C. § 2244 requires a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Frazier's conviction became final on Monday, August 28, 2006.[4] Frazier filed her first state petition for a writ of habeas corpus on April 28, 2008. Under the applicable one-year limitation period, Frazier had until Tuesday, August 28, 2007 to file a federal petition for a writ of habeas corpus.[5] Frazier did not file the instant Petition until May 25, 2009, nearly two years after the applicable period of limitation had expired. Her Petition is therefore time-barred unless Frazier merits equitable tolling of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

## B. Equitable Tolling

Equitable tolling of the statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United*

---

[4] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Frazier had thirty days from July 28, 2006, the date the Circuit Court sentenced her, in which to note her appeal to the Court of Appeals of Virginia. Va. Sup. Ct. R. 5:9(a); *see Allen v. Johnson*, 602 F. Supp. 2d 724, 726 n.1 (E.D. Va. 2009) (noting that "[i]n Virginia, a criminal conviction is final upon entry of the sentencing order") (internal citation omitted). Thus, Frazier's time for seeking direct review expired on Monday, August 28, 2006.

[5] Because the one-year period had already run by the time she filed her state habeas petition, that petition did not entitle Frazier to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). *See Deville v. Johnson*, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Neither did Frazier's motion for reconsideration, filed in September 2007 (Pet. 4), toll the statute of limitations. *See Walkowiak v. Haines*, 272 F.3d 234, 237-39 (4th Cir. 2001).

4

*States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Frazier makes no valid argument as to why the Court should equitably toll the statute of limitations on her federal Petition. She appears to argue that any failure to meet deadlines resulted either from her trial counsel's erroneous statement that the sentence imposed by the Circuit Court would run concurrently with any other sentence she was serving[6] (*see, e.g.*, Pet. 6), or from the fact that Respondent "forwarded the correspondence" concerning Frazier's previous filings to an incorrect address (Pet'r's Br. Opp'n 2). (Docket No. 11.) Neither of these claims renders the application of the statute of limitations unconscionable.

First, Frazier's claim regarding her trial counsel's erroneous statement must fail. Frazier admits that she discovered in November 2006 that the sentences imposed were to run concurrently. (Pet'r's Br. Opp'n 2.) November 2006 fell nearly ten months prior to the expiration of the statute of limitations on her federal habeas petition. This belies any contention that her attorney's misstatement impacted the timeliness of her federal Petition. Accordingly, even presuming Frazier has alleged an extraordinary circumstance, she fails to demonstrate, as she must, any causal connection between her attorney's misstatement and her compliance with the statute of limitations. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("[P]etitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that

---

[6] The Court notes that Frazier proffers counsel's error only as excuse for her failure to file a timely direct appeal of her conviction (*see, e.g.*, Pet. 6), and that she failed to raise such a claim of ineffective assistance of counsel in the instant Petition.

5

cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.").

Second, Frazier's claim that she "would of [sic] filed her federal petition sooner if the counsel for the respondent would of [sic] forwarded the correspondence to the correct address" must also fail. (Pet'r's Br. Opp'n 2.) Frazier claims that she "left Fluvanna Correctional Center for Women on July 1, 2008." (Pet'r's Br. Opp'n 2.) By July 1, 2008, however, the statute of limitations had expired and Frazier had not yet filed a federal habeas corpus petition. That some documents may have been incorrectly mailed to the wrong address after July 1, 2008 has no bearing on the timeliness of the instant Petition. Moreover, Frazier fails to allege clearly what documents she sought from Respondent, how long she was without such documents, and how exactly her lack of access to these materials impacted her ability to file timely her federal petition. *Allen*, 602 F. Supp. 2d at 729. Thus, Frazier fails to allege the type of extraordinary circumstances necessary to merit equitable tolling of the statute of limitations. *See id.* at 727-29 & n.7 (finding that courts have uniformly held that prison transfers, and the resulting brief separation of a petitioner from his or her legal papers, constitute normal incidences of prison life and do not warrant equitable tolling of the statute of limitations).

Frazier states no circumstance that prevented her from filing her federal petition on time. Therefore, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 7.) The Court will DISMISS Claims One through Four and DENY the Petition. (Docket No. 1.)

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Frazier is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

## IV. Conclusion

Based on the foregoing reasons, the Court finds Frazier's Petition barred by the applicable statue of limitations. Respondent's Motion to Dismiss (Docket No. 7) will be GRANTED. The Petition will be DISMISSED. (Docket No. 1.) A COA will be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: April 22, 2010